Cite as 2024 Ark. App. 530

# ARKANSAS COURT OF APPEALS

DIVISION I
NO. CV-24-486

|  |  |  |
|---|---|---|
|  |  | **Opinion Delivered** October 30, 2024 |
| NICOLE NESBITT[1] | | |
| | APPELLANT | APPEAL FROM THE SEARCY COUNTY CIRCUIT COURT [NO. 65JV-22-13] |
| V. | | |
| | | HONORABLE SUSAN WEAVER, JUDGE |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILD | | |
| | APPELLEES | REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

Appellant Nicole Nesbitt[1] appeals after the Searcy County Circuit Court filed an

order terminating her parental rights to her son, Minor Child 2 (MC2) (DOB 09-28-22).[2] [3]

Appellant narrowly argues on appeal that we must remand for the circuit court to apply the

---

[1]We note that our record also refers to appellant as Nicole Case. However, our record in the companion case contains a copy of a divorce decree filed on October 7, 2022, in which the circuit court ordered that appellant's last name of Case be restored to her former last name of Nesbitt.

[2]Appellant also has a daughter, Minor Child 1 (MC1) (DOB 11-17-21). MC2 entered foster care subsequent to MC1, and their cases proceeded under separate case numbers. However, both cases were heard together at a single termination hearing, but two separate termination orders and two separate notices of appeal were subsequently filed.

[3]The circuit court also terminated the parental rights of MC2's father, John Wayne Eddings; however, he is not a party to this appeal.

heightened burden of proof that is required in termination proceedings involving an Indian Child pursuant to the Indian Child Welfare Act (ICWA). Appellees, the Arkansas Department of Human Services (DHS) and MC2, concede legal error, and we accordingly reverse and remand.[4]

Ordinarily, a circuit court's order terminating parental rights must be based on findings proved by clear and convincing evidence. Ark. Code Ann. § 9-27-341(b)(3) (Supp. 2023). However, in this case, all parties agree that MC1 is an "Indian Child" as defined by the ICWA. 25 U.S.C. § 1903(4). For termination proceedings subject to the ICWA, the burden of proof is beyond a reasonable doubt. Ark. Code Ann. § 9-27-325(h)(2)(B) (Supp. 2023).

Here, the circuit court expressly stated in its termination order that its findings were based on "clear and convincing evidence." Appellant argues on appeal that the circuit court failed to apply the heightened burden of proof as required under ICWA to its termination findings, which she argues is reversible error according to our decision in *Cheater v. Arkansas Department of Human Services*, 2024 Ark. App. 183. Appellant, therefore, argues that the case should be remanded to the circuit court. DHS agrees and concedes error. We accordingly reverse the order of termination and remand for further proceedings consistent with this opinion.

---

[4]This case is the companion to *Nesbitt v. Arkansas Department of Human Services*, 2024 Ark. App. 531, ___ S.W.3d ___, also decided today, in which appellant has appealed the termination of her parental rights to her other child, MC1.

Reversed and remanded.

ABRAMSON and VIRDEN, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.